IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CRAIG CUNNINGHAM )
 )
v. ) No. 3:17-0392
 )
EASTERN LEGAL SERVICES, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMENDATION

By Order entered February 28, 2017 (Docket Entry No. 31), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.

For the reasons set out below, the undersigned respectfully recommends that the pending motion to dismiss filed by Defendants 33 Wireless and Luis Martinez (Docket Entry No. 35) be granted. The undersigned further recommends that all other remaining Defendants be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and that this action be dismissed in its entirety.

## I. BACKGROUND

Craig Cunningham ("Plaintiff"), a resident of Tennessee, filed this *pro se* lawsuit on August 30, 2016, in the Eastern District of Virginia against multiple defendants. Plaintiff brings two claims for relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on allegations that he received automated telemarketing calls to his cell phone in 2016 that violated the provisions of the TCPA. *See* Third Amended Complaint (Docket Entry No. 22). He also asserts a common law claim for invasion of privacy. *Id.*

During the time the lawsuit was in the Eastern District of Virginia, three of the Defendants were served and appeared – Gregory Mitchell ("Mitchell"), 33 Wireless, Inc. ("33 Wireless"), and

Luis Martinez ("Martinez"). Mitchell is alleged to be an attorney in Virginia and/or Washington, D.C., whose services were the subject of the telephone calls. 33 Wireless is a Delaware corporation owned and/or controlled by Martinez that is alleged to be in the business of providing phone numbers to telemarketers in return for a fee each time the number provided is used. *See* Third Amended Complaint at ¶¶ 50-56. Defendant Mitchell was dismissed pursuant to a stipulation of dismissal, *see* Docket Entry No. 17, and the action was thereafter transferred to this District on February 22, 2017, upon the joint motion of Plaintiff and Defendants 33 Wireless and Martinez. *See* Docket Entry No. 27.

In lieu of an answer, Defendants 33 Wireless and Martinez filed the pending motion to dismiss. They assert that 33 Wireless does not make or receive calls or have any control over telephone calls made by customers to whom it provides phone numbers. *See* Motion to Dismiss (Docket Entry No. 35). They deny having any connection to the phone calls at issue and further contend that 33 Wireless stopped providing phone numbers to other carriers in March 2015. *Id*. As the legal grounds for the motion, they argue that: 1) Plaintiff lacks standing to pursue claims against them because he has not alleged a personal injury fairly traceable to their conduct; and 2) Plaintiff fails to state a claim against them under the TCPA because his Third Amended Complaint contains no allegations showing that they engaged in conduct that is prohibited by the TCPA. *See* Memorandum in Support (Docket Entry No. 36).

On April 26, 2017, the Court granted Plaintiff's motion for a 14-day extension of time to respond to the motion to dismiss. *See* Docket Entry No. 38. However, Plaintiff has not responded to the motion.

## II. CONCLUSIONS AND RECOMMENDATIONS

The undersigned has reviewed the motion to dismiss and finds that the Defendants 33 Wireless and Martinez have made persuasive and legally sound arguments for dismissal of the claims brought against them. Plaintiff's Third Amended Complaint does not set out factual allegations that

show the involvement of these two Defendants in the events at issue. While Plaintiff takes issue with the nature of the professed business of 33 Wireless, he has not alleged facts showing that he suffered an injury that is fairly traceable to the conduct of these two Defendants. Such a showing is necessary to establish Article III standing. *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *Sade v. President of U.S.*, 802 F.2d 459 (6th Cir. 1986). Plaintiff has also not alleged facts supporting plausible claims for relief against them under the TCPA or common law. At a bare minimum, Plaintiff's Third Amended Compliant must provide the grounds for his entitlement to relief from these two Defendants and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Plaintiff's pleading must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under a viable legal theory. *Twombly*, 550 U.S. at 555-61; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). Plaintiff's Third Amended Complaint is deficient in this respect.[1]

Further, Plaintiff's failure to respond in opposition to the motion to dismiss indicates that he does not oppose the motion. *See* Local Rule 7.01(b). Although Plaintiff proceeds *pro se*, he is nonetheless an experienced *pro se* litigator, and this Court has no duty to develop legal theories and find ways to defeat Defendants' motion to dismiss. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). The motion to dismiss of Defendants 33 Wireless and Martinez should be GRANTED and the action should be DISMISSED WITH PREJUDICE as to these two Defendants.

---

[1] In reviewing Plaintiff's Third Amended Complaint as challenged by the motion to dismiss, the Court has accepted as true all of the allegations contained in the pleading, resolved all doubts in Plaintiff's favor, and drawn all reasonable inferences in favor of Plaintiff. *See In re Travel Agent Com'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). The Court has also not relied upon factual assertions made by Defendants in their motion, which are unsupported and inappropriately considered in the stance of review of a motion to dismiss.

The docket in this action shows that none of the other Defendants named in Plaintiff's pleadings have been served with process subsequent to this action being filed in August 2016. Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Accordingly, unless Plaintiff objects to this Report and Recommendation and shows good cause for his failure to serve process upon these Defendants, Defendants Eastern Legal Services, "Paul or Polu Hank," Karl Kepper, Message Communications, Inc., Supreme Data Connections, LLC, William Adomanis, and Robert Mahanian should be DISMISSED from the action for lack of service of process.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge